## JANE TATUM HANDRICK V. STATE

No. 32, 466. November 23, 1960

No attorney for appellant of record on appeal.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Billy E. Powell,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 30 days in jail and a fine of $50.00.

The state's witness, Jack Williams, an employee of the Houston Transit Company, testified that, as he was driving his bus north on Montrose Boulevard and attempting to turn right on Richmond Street, a 1952 Mercury automobile driven by the appellant ran into the rear of the bus; that he immediately got out and went back to where appellant was seated alone behind the wheel of the automobile, the motor of which was still running. The witness stated that at such time appellant "seemed" to have a thick tongue and stated that in his opinion she did not act normal.

Officer R. A. Payne, an accident investigator for the Houston

Police Department, testified that he arrived upon the scene soon after the collision, where he observed the appellant. Officer Payne testified that he could smell alcohol on appellant's breath, that when she talked her words were "slurred," she "weaved in her walk," and expressed his opinion that at such time appellant was intoxicated. Officer R. W. Lee, who also went to the scene to investigate the collision, corroborated Officer Payne's testimony and expressed his opinion that at such time the appellant was intoxicated.

It was shown that, following appellant's arrest, a blood specimen was taken from her with her written consent, which, upon being tested by Chemist and Toxicologist Thomas L. Metz for alcoholic concentration, was shown to contain .27% alcohol.

Testifying as a witness in her own behalf, appellant denied that she drove her automobile into the bus and stated that at the time of the collision her automobile was parked at the curb and the bus ran into her. Appellant stated that she had been parked at the curb for 30 or 40 minutes prior to the collision and was trying to start her car. Appellant admitted that prior to the collision she had two drinks of wine, but in substance denied being intoxicated.

The witness, Herbert Zhabysek, called by appellant, testified that he had seen appellant parked in her automobile at the approximate location of the collision prior to the collision and that at such time she was attempting to start her automobile.

The jury chose to accept the testimony of state's witnesses and reject that of appellant, and we find the evidence sufficient to sustain its verdict.

The record contains no formal bills of exception or objections to the court's charge.

No brief has been filed on behalf of appellant.

We have examined the informal bills of exception appearing in the statement of facts and find no reversible error therein.

The judgment is affirmed.

Opinion approved by the Court.